IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DELIVERANCE POKER, LLC** | § | |
| | § | |
| **V.** | § | |
| | § | A-10-CA-664-JRN |
| **MICHAEL MIZRACHI &** | § | |
| **TILTWARE, LLC** | § | |

## ORDER

Before the Court is the Plaintiff's Motion to Compel Discovery Responses and Memorandum in Support (Clerk's Doc. No. 44), filed January 25, 2011, and Plaintiff's Supplemental Motion to Compel Discovery Responses (Clerk's Doc. No. 53), filed today. The motion to compel is before the Court for resolution pursuant to Judge Nowlin's order of referral of January 4, 2011.

The original motion relates that Mizrachi and Tiltware have failed to respond to discovery requests or file initial disclosures as required by the Federal Rules of Civil Procedure. The motion details the numerous attempts Deliverance has made to obtain the required responses without court intervention, all of which have been unsuccessful. The supplement to the motion (filed today) explains that counsel for the Defendants has provided a small amount of the material addressed in the motion to compel, but that the majority of the requests remain unanswered. Deliverance notes that this case is on a very tight schedule, and as a result, depositions are scheduled to take place today in Las Vegas, which, if they are occurring today, are taking place without the Defendants having provided the responsive material.

Consistent with the apparent stalling pattern they have adopted up to this point in the litigation, Mizrachi and Tiltware have wholly failed to respond to Plaintiff's Motion to Compel. Local Rule CV-7(c) provides that "[i]f there is no response filed within the time period prescribed

by this rule, the Court may grant the motion as unopposed." This is not tournament poker, where stalling is apparently tolerated.[1] Accordingly, the Court will GRANT Plaintiff's Motion to Compel (Clerk's Doc. No. 44), and Plaintiff's Supplemental Motion to Compel (Clerk's Doc. No. 53).

IT IS ORDERED that **no later than February 23, 2011**, Tiltware serve complete and non-evasive initial disclosures on Deliverance.

IT IS FURTHER ORDERED that **no later than February 23, 2011**, Mizrachi serve on Deliverance, or produce for inspection and copying (as applicable):

(1) a supplement to his initial disclosures identifying the individual(s) he dealt with in contracting with Tiltware, as well as all of those people who have knowledge of that contract;

(2) all responsive documents to the requests for production propounded by Deliverance;

(3) supplemental responses to Deliverance's interrogatories as follows:

(a) responding fully to Interrogatory 3(b) and (c);

(b) providing a complete, non-evasive answer to Interrogatory 4, stating any compensation he is or has received for wearing logos affiliated with Tiltware, and

(c) providing a complete and non-evasive response to Interrogatory 6, identifying whoever negotiated on his behalf the contract he has with Tiltware (as admitted to in Mizrachi's answer).

The Court **WARNS** Mizrachi, Tiltware and their counsel that it will not tolerate their failure to comply with the discovery obligations imposed on them by the Federal Rules of Civil Procedure.

---

[1] It is more like a game of chicken, where stalling leads to a car wreck.

If the deadline set forth above is not met, the Court will entertain a motion for sanctions from Deliverance, and will consider in that respect whether it is appropriate to strike Mizrachi and Tiltware's answers and recommend the entry of default judgments against each of them.

FINALLY, IT IS ORDERED that pursuant to FED. R. CIV. P. 37(a)(5) Mizrachi and Tiltware pay to Deliverance $1,500.00 for the attorney's fees incurred by Deliverance in filing the motion to compel. Mizrachi and Tiltware's failures to comply with their discovery obligations were wholly unjustified, they failed to respond to the motion to compel (which included the request for sanctions), and they have been consistently non-responsive on these issues. Thus, an award of fees is mandated by the rules. See FED. R. CIV. P. 37(a)(5)(A).

IT IS SO ORDERED this 18th day of February, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE